UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:10CR00328 ERW |
| ) | |
| LOUIS EDWARD COOKE, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on the Report and Recommendation of United States Magistrate Judge Thomas C. Mummert, III [doc. #46], pursuant to 28 U.S.C. § 636(b). In the Report and Recommendation, Magistrate Judge Mummert concluded that Defendant Louis Edward Cooke's ("Defendant") Motion to Suppress Statements [doc. #39] should be denied, and Defendant subsequently filed an Objection to the Report and Recommendation [doc. #47].

**I.  LEGAL STANDARD**

"[D]istrict courts may designate magistrate judges to conduct, *inter alia*, evidentiary hearings on suppression motions and to submit to a district judge proposed findings of fact and recommendations for the disposition of the matter." *United States v. Lothridge*, 324 F.3d 599, 600 (8th Cir. 2003) (citing 28 U.S.C. § 636(b)(1)). § 636(b)(1) further requires that when a party objects to the magistrate judge's report and recommendation, "[a] judge of the court shall make a de novo review determination of those portions of the report or specified proposed findings or recommendations to which objection is made."[1] The district court has wide discretion to "accept,

---

[1] 28 U.S.C. § 636(b)(1)(B) provides that "a judge may also designate a magistrate judge to conduct hearings, including evidentiary hearings, and to submit to a judge of the court proposed findings of fact and recommendations for the disposition, by a judge of the court . . . ."

reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." § 636(b)(1).

## II. DISCUSSION

Defendant does not object to Magistrate Judge Mummert's factual findings, and the Court therefore adopts those findings in full and will not recite them again here. Defendant's sole objection to the Report and Recommendation is general in nature: he contends that Magistrate Judge Mummert erred in concluding that the statements he made to law enforcement following his arrest should not be suppressed because all statements were made "through certain promises, assurances, threats, and inducements" – that is, because his statements were made involuntarily and in violation of his *Miranda* rights.

"The appropriate test for determining the voluntariness of a confession is whether, in light of the totality of the circumstances, pressures exerted upon the suspect have overborne his will." *United States v. Meirovitz*, 918 F.3d 1376, 1379 (8th Cir. 1990) (internal quotations and citation omitted). This "overborne will" doctrine requires the Court to consider two principal factors: "the conduct of the law enforcement officials and the capacity of the suspect to resist pressure to confess." *Id.* (internal quotations and citation omitted).

In order to demonstrate the admissibility of a post-*Miranda* statement, the government must show by a preponderance of the evidence that the defendant knowingly and voluntarily waived his *Miranda* rights. *Colorado v. Connelly*, 479 U.S. 157, 168-70 (1986). "A waiver is knowing if it is made with a full awareness of both the nature of the right being abandoned and the consequences of the decision to abandon it," and "[i]t is voluntary if it is the product of a free and

---

The statute further provides that each party may file written objections within ten days of being served with a copy of the magistrate judge's report and recommendation. *Id.* § 636(b)(1).

deliberate choice rather than intimidation, coercion, or deception." *United States v. Syslo*, 303 F.3d 860, 865 (8th Cir. 2002) (internal quotations and citations omitted).

The Court has reviewed the parties' briefs and the transcript of the evidentiary hearing held on Defendant's Motion, and finds that Magistrate Judge Mummert correctly concluded that the Motion should be denied. Defendant's waiver was knowing because law enforcement informed him of his *Miranda* rights both orally and in writing before seeking to obtain any statements, and there is no suggestion whatsoever in the record that he did not understand these rights or that he was incapable of waiving them. With respect to the voluntariness of his waiver and of the statements he subsequently made, there is likewise no indication in the record that law enforcement made any improper promises or threats to obtain his statements. Defendant offers no specifics about any alleged promises or threats, other than conclusory statements in his Motion to Suppress and in his Objection that such promises or threats were made. Although Defendant was handcuffed by one hand while he reviewed and signed the written *Miranda* waiver, that alone does not rise to the level of coercion necessary to make his waiver or subsequent statements involuntary. *See United States v. Robinson*, 20 F.3d 320, 322-23 (8th Cir. 1994).

In short, Defendant has offered no factual or legal grounds from which the Court could conclude that the statements he made following his arrest were unconstitutionally obtained, in contrast to the detailed evidence offered by the Government that Defendant voluntarily gave these statements after a knowing and voluntary waiver of his *Miranda* rights. As such, the Court concludes that Defendant's Objection will be overruled, and Magistrate Judge Mummert's Report and Recommendation will be adopted in full.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Suppress Statements [doc. #39] is **DENIED**.

Dated this 13th Day of September, 2010.

_____
E. RICHARD WEBBER
UNITED STATES DISTRICT JUDGE